IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-MJ-2389-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| ELISEO VILLARREAL-NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to seal his response in opposition to the Government's 404(b) notice. For the reasons set forth below, Defendant's motion is denied without prejudice.

Our courts recognize a public right to inspect and copy judicial records and documents, which "may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This is so because "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citing *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone*, 855 F.2d at 180). The common law right of access applies to all judicial

records but "does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)). To overcome the common law right of access, the party seeking to seal the documents bears the burden to show that "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford*, 846 F.2d at 253). In contrast, if the First Amendment right of access applies, the court can only seal the documents because of a compelling governmental interest, and the restriction must be narrowly tailored to serve that governmental interest. *Virginia Dep't of State Police*, 386 F.3d at 575.

In determining whether court records should be sealed, this court must follow the procedure established in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object. *Id.* at 235–36. Notice is sufficient where, as here, a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

To assist the court in determining whether the presumption of public access has been overcome, this court's local rules require that a motion to seal be supported

by a memorandum unless there is a statute, rule, or order requiring the filing be sealed. The memorandum must specify:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

Local Crim. R. 55.2 (E.D.N.C. May 2023); CM/ECF Policy Manual § V.G.1(a).

Defendant's motion to seal is not accompanied by a memorandum, nor does it demonstrate a particularized need for sealing. Defendant simply moves to seal based upon references to "private and personal information that for reasons essential to his personal privacy and safety should not be divulged in the public record." (Def.'s Mot. Seal [DE #31].) Accordingly, Defendant's motion to seal [DE #31] is DENIED without prejudice. The clerk is directed to unseal DE #29 unless a renewed motion to seal, setting forth a particularized need for sealing, is filed within seven (7) days.

This 16th day of June 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge